FILED

2022 Jul-15  PM 02:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

2022 JUL 15  A 10: 29

U.S. DISTRICT COURT
N.D. OF ALABAMA

**TEQELIA OLDHAM,**
      **Plaintiff,**

**v.**

**MACLEAN POWER, LLC.,**
      **Defendant.,**

**CASE NO.:**

2:22-CV-880-NAD

## COMPLAINT

Plaintiff, Teqelia Oldham, appearing pro se, hereby brings this action against Defendant,

MacLean Power, LLC., and states:

### NATURE OF THE CLAIMS

1. This is an action for damages against the Defendant for violating the Americans with

Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C § 12101 et seq. Plaintiff also

seeks damages and equitable relief for violation of Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C. § 2000e et seq; and for violation of 42 U.S.C. § 1981.

### JURISDICTION AND VENUE

2.   This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

3.   Venue is proper in the Northern District of Alabama, because Defendant operates its

facilities for business within this district.

## ADMINISTRATIVE EXHAUSTION

4.  Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (the "EEOC") Charge 420-2022-00666 (the "Charge") alleged that the Defendant subjected the Plaintiff to pregnancy discrimination, sex discrimination, disability discrimination, race discrimination and retaliation for opposing the discrimination.

5.  The EEOC issued a Notice of Right to Sue (hereinafter referred to as "RTS Notice") on April 20, 2022.

6.  Plaintiff received the RTS Notice on April 20, 2022.

7.  Plaintiff has now filed this Complaint within ninety (90) days of receipt of the RTS Notice.

8.  Plaintiff exhausted all administrative remedies available to her prior to filing this Complaint.

## THE PARTIES

9.  At all times material hereto, Plaintiff was a resident of the State of Alabama.

10. At all times material hereto Defendant transacted business and performed services in this Judicial District.

11. Defendant was Plaintiff's employer during all times relevant to this Complaint.

12. At all times material here to Plaintiff was an "employee" within the meaning of the ADA.

13. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus Defendant is an "employer" within the meaning of the ADA.

14. Plaintiff requests a jury trial for all issues so triable.

### STATEMENT OF FACT

15. Plaintiff worked for Defendant as a Production Team employee.

16. While employed with Defendant, Plaintiff satisfactorily performed the job requirements of her position.

17. During Plaintiff's employment with Defendant, Plaintiff suffered from a physical or mental condition that substantially limited her ability to perform one or more major life activities. Plaintiff had a record of such condition, and or/ was regarded by Defendant as having a condition that substantially limited her ability to perform one or more major life activities.

18. Specifically, Plaintiff suffered from Generalized Anxiety Disorder and Pregnancy.

19. At all times material hereto, Plaintiff could perform the essential function of her job with Defendant with or without accommodation.

20. Thus Plaintiff was a "qualified individual with a disability" within the meaning of the ADA.

21. In July of 2021 Defendants Production Supervisor Sabah grabbed the Plaintiff by her breast while at work in the presence of witnesses. Plaintiff reported the conduct of her supervisor  to HR Manager Michelle Leggett, and Manager Luke Knight and mentioned that Sabah's conduct was causing the Plaintiffs anxiety disorder to flare up resulting in

trouble concentrating, thinking, communicating, interacting with others, performing her work due to the sexual harassment she had experienced within the workplace.

22. HR Manager Michelle Leggett did not take any disciplinary actions against Sabah in regards to the corroborated Complaint viewed by multiple witnesses at the facility of sexual harassment that the Plaintiff made to her.

23. HR Manager Luke Knight did not take any disciplinary actions in regards to the corroborated Complaint viewed by multiple witnesses at the facility of sexual harassment that the Plaintiff made to her.

24. After the Plaintiff made the complaint of sexual harassment Plaintiff began to experience additional monitoring of her work which had not occurred before the complaints of sexual harassment.

25. Plaintiff began to receive additional coaching and negative feedback from her Supervisor Sabah.

26. Around March of 2022, Plaintiff was told by facility Supervisor Dan whom was aware that the Plaintiff was pregnant at that time that he had been made aware that Plaintiff had been taking "too many restroom breaks" and that she had to stop taking so many restroom breaks or she would be disciplined. Plaintiff again informed Dan that she was pregnant and that her medical provider had authorized her to take additional restroom breaks due to her pregnancy and requested that he allow her to continue using the restroom at her current unknown frequency due to her being unable to control her major bodily function her bladder,  as it was medically necessary because of its effect on

her walking and standing.

27. Dan refused to engage in interactive discussions with the Plaintiff regarding her request for accommodations. Dan told the Plaintiff that he would not approve anything at that time.

26. Plaintiff later that day spoke to her Human Resources supervisors Michelle Leggett and Luke Knight and then again requested a reasonable accommodation in the form of additional restroom breaks due to her pregnancy.

27. Michelle refused to engage in interactive discussion regarding Plaintiff's request for accommodation.

28. Specifically, Michelle Leggett told Plaintiff that "she would not approve any accommodations" and recommended that the Plaintiff take an unpaid leave of absence from work.

29. Luke Knight refused to engage in interactive discussion regarding Plaintiff's request for accommodation.

30. Specifically, Luke Knight told the Plaintiff that " he would not approve any accommodations" and recommended that the Plaintiff take an unpaid leave of absence from work.

31. Due to Defendants refusal to engage in interactive discussion for a reasonable accommodation, Plaintiff was forced to take leave from her place of employment for the remainder of her pregnancy which caused Plaintiff to suffer financially due to loss of much needed income.

32. Plaintiff repeatedly stated her ability and willingness to work and her need to work to Defendants during her pregnancy. However, Plaintiff required an accommodation in the form of additional restroom breaks as authorized by her medical provider due to disability and medical necessity which the Defendant would not allow her.

## COUNT 1.
### TITLE VII

33. Plaintiff re alleges and readopts the allegations of paragraphs 1 though 32 of this Complaint as, though fully set forth herein.

34. Defendant maintains a pattern of discrimination in employment on the basis of sex and race.

35. Non female employees were not subjected to adverse employment action related to their restroom usage.

36. The directive from her Supervisors to stop using the restroom so frequently operated to discriminate against women, particularly pregnant women, and it discriminated against Plaintiff when she was pregnant.

37. Defendant was legally obliged to permit the Plaintiff to decide whether to follow her doctor's recommendation related to the amount and frequency of her restroom breaks during her pregnancy.

38. Defendant legally was obliged to not threaten Plaintiff with disciplinary action and insist that Plaintiff take an unpaid leave of absence during her pregnancy in lieu of providing her with accommodation.

39. Defendant discriminated against Plaintiff on the basis of her pregnancy and/or related medical conditions when it refused to permit her to work due to her medically necessary need to use the restroom with increased frequency during her pregnancy.

40. The foregoing acts of Defendant discriminated against Plaintiff because of her sex with malice and reckless indifference to her rights under Title VII of the Civil Rights Act of 1964, as amended.

## COUNT 2.
### DISABILITY DISCRIMINATION

41. Plaintiff re alleges and readopts the allegations of paragraphs 1 through 40 of the Complaint, as though fully set forth herein.

42. Plaintiff is a member of a protected class under the ADA.

43. Plaintiff was subjected to disparate treatment by Defendant on the basis of her disability, and or perceived disability.

44. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation.

45. Defendant's actions were willful and done with malice.

46. Plaintiff was injured due to Defendants violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE,** Plaintiff demands:

a) A jury trial on all issues so triable;

b) that this Court enter an injunction restraining continued violation of the ADA;

c) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of Plaintiff's civil rights;

d) Reinstatement of Plaintiff to a position comparable to her position, or in the alternative, front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

## COUNT 3 – ADA VIOLATION
Denial of a reasonable accommodation

47. Plaintiff re alleges and readopts the allegations of paragraphs 1 through 46 of the Complaint, as though fully set forth herein.

48. Plaintiff is disabled, or was perceived by Defendant as being disabled.

49. Defendant failed to provide Plaintiff with a reasonable accommodation for her disability.

50. Defendants actions were willful and done with malice.

51.Plaintiff was injured due to Defendants violation of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) An injunction restraining continued violation of law enumerated herein;

(c) Front Pay;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Prejudgment interest on all monetary recovery obtained;

(g) For such further relief as this Court deems just and equitable.

## COUNT 4.
### ADA RETALIATION

52. Plaintiff re alleges and readopts the allegations of paragraphs 1 though 51 of this Complaint as, though fully set forth herein.

53. As a qualified individual with a disability Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

54. Plaintiff engaged in protected activity under the ADA by requesting a reasonable accommodation.

55. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by increased surveillance and monitoring of the Plaintiff, threatening the Plaintiff with termination for requesting accommodation.

56. Defendants actions were willful and done with malice.

57. The adverse employment action that Defendant took against Plaintiff was material.

58. Plaintiff was injured due to Defendant's violations of the ADA, for which she is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiffs rights under the ADA;

(c) That this Court enter an injunction restraining continued violation of the ADA;

(d) Compensation for lost wages, including back pay with interest, benefits, and other

remuneration for violation of the Plaintiffs civil rights;

(e) Front Pay.

(f) Any other compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained.

(i) For such further relief as the Court deems just and equitable.

## COUNT 5.
### Section 1981

59. Plaintiff re alleges and readopts the allegations of paragraphs 1 though 58 of this

Complaint as, though fully set forth herein.

60. Defendant maintains a pattern of discrimination in employment on the basis of race.

61. In the worksite where Plaintiff is employed, the majority of the employees unlike

Plaintiff are Caucasian.

62. Supervisors and managers of Defendant enforce requests for accommodation

policies differently against those they wish to enforce it against, and make exceptions to

it for those for whom they wish to make exceptions, in a way that discriminates against

employees on the basis of race.

63. Defendant would not permit the Plaintiff, a black female, to use the restroom during

her pregnancy. However, in a close period of time, Defendant did permit a pregnant

Caucasian-American female to use the restroom at.

64. Defendants policies and practices regarding accommodation requests for pregnant females is not uniformly applied to employees regardless of their race.

65. Defendants decision to force the Plaintiff to quit work during her pregnancy while permitting pregnant Caucasian-American employees to use the restroom as a result of their medical condition was discrimination against Plaintiff, with malice and reckless indifference to her rights under Section 1981 and 2000e.

## **PRAYER FOR RELIEF**

66. Plaintiff suffered and continues to suffer damages including denial of benefits, lost wages, and great emotional distress.

67. Plaintiff prays that this court awards the Plaintiff under Title VII, the ADA and/or Section 1981 the pay and fringe benefits she has lost as a result of Defendants unlawful discrimination against her;

68. Awarding Plaintiff under Title VII, the ADA and/or Section 1981 compensatory and punitive damages in an amount to be determined at trial;

69. Awarding Plaintiff pre-judgment and post-judgment interest;

70. Granting such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Respectfully submitted,

/s/ Teqelia Oldham

Teqelia Oldham
30 Thomas Fulgham Road
Brierfield, Al 35035
teqelia32@gmail.com

**DEFENDANT IS TO BE SERVED BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

**MACLEAN POWER, L.L.C.**
**c/o CT CORPORATION SYSTEM**
**2 NORTH JACKSON ST, SUITE 605**
**MONTGOMERY, AL 36104**